IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| MICHAEL V. PELLICANO, | : | |
|---|---|---|
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No. 11-405 |
| v. | : | |
| | : | |
| THE OFFICE OF PERSONNEL MANAGEMENT, INSURANCE OPERATIONS, | : | |
| | : | |
| Defendant. | : | |

## OPINION

**Slomsky, J.**  **April 12, 2012**

### I. INTRODUCTION

Before the Court is a Motion to Remand filed by Defendant, Office of Personnel Management, Insurance Operations ("OPM"), an agency of the federal government. (Doc. No. 21.) In his *pro se* Complaint, Plaintiff Michael V. Pellicano ("Plaintiff") alleges OPM "breached fiduciary duties [and] was arbitrary and capricious in denying additional benefits." (Doc. No. 1 at 1.) Plaintiff's claims arise from OPM's processing of his application for medical equipment. (Id.) Pursuant to M.D. Pa. Local Rule 73.1(d), the case was assigned to U.S. Magistrate Judge Martin C. Carlson and this Court. Magistrate Judge Carlson heard the instant Motion to Remand and has made a Report and Recommendation to this Court that the case be remanded to OPM for further review of Plaintiff's claims. (Doc. No. 26.)

1

Magistrate Judge Carlson further recommends that this case be stayed pending OPM's decision on remand. (Doc. No. 26 at 9.) For reasons that follow, the Court will grant OPM's Motion to Remand (Doc. No. 21) and stay further proceedings pending OPM's decision on remand.

## II. PROCEDURAL BACKGROUND

On March 2, 2011, Plaintiff filed his Complaint. (Doc. No. 1.) On November 22, 2011, OPM filed a Motion to Remand and a supporting Brief. (Doc. Nos. 21-22.) On November 29, 2011, Plaintiff filed a Brief in Opposition to OPM's Motion to Remand. (Doc. No. 24.) On December 12, 2011, OPM filed a Reply Brief. (Doc. No. 25.) On December 13, 2011, Magistrate Judge Carlson issued his Report and Recommendation. (Doc. No. 26.) On December 30, 2011, Plaintiff filed his Objection to the Report and Recommendation. (Doc. No. 27.) On January 18, 2012, OPM filed a Responsive Brief to Plaintiff's Objections to the Report and Recommendation. (Doc. No. 28.) On January 27, 2012, Plaintiff filed his own Objections to the Objections of OPM. (Doc. No. 32.)

## III. FACTUAL BACKGROUND

Plaintiff is enrolled in a health benefits plan for federal employees under the Federal Employees Health Benefits Act (FEHBA), 5 U.S.C. § 8901, *et seq*. (Doc. No. 26 at 1.) In accordance with FEHBA, Plaintiff sought OPM review of a coverage decision made by his primary insurance provider.[1] (Doc. No. 1 at 2.) On February 22, 2010, OPM made a final

---

[1] The Court infers from Plaintiff's pleadings that he purchased medical equipment and sought reimbursement through his primary insurance provider. Unsatisfied with his insurance provider's decision to cover only 65% of the cost, Plaintiff appealed to OPM. OPM agreed with the decision of the primary insurance provider and this decision forms the basis of the present action.

2

administrative decision that 65% coverage for the purchase of necessary medical equipment was appropriate under Plaintiff's plan and concurred with his primary insurance provider's decision on coverage. (Doc. No. 1 at 15.) OPM sent a letter to Plaintiff notifying him of the decision and advising him that if he disagreed with the decision he "may file suit against [OPM] in [f]ederal court." Id.

On March 2, 2011, Plaintiff filed the Complaint, alleging OPM "breached fiduciary duties [and] was arbitrary and capricious in denying additional benefits." (Doc. No. 1 at 1.) In the action, Plaintiff seeks reimbursement for additional benefits totaling $7,243.95 and expenses. (Id.) Defendant OPM, on the other hand, seeks remand for further administrative proceedings. (Doc. No. 21 at 1.) OPM argues review of its decision by this Court is limited to the record before OPM when it made its decision. (Id.) OPM also asserts that remand is necessary to develop a full and complete administrative record and allow for meaningful judicial review. (Doc. No. 21 at 3.)

As noted, on December 13, 2011, Judge Carlson issued a Report and Recommendation, recommending that the Court grant OPM's Motion to Remand. (Doc. No. 26 at 9.) On December 30, 2011, Plaintiff filed Objections to the Report and Recommendation (Doc. No. 27), which will be considered here.

## IV. DISCUSSION

### A. Motion to Remand

The Federal Employee Health Benefit Act (FEHBA), 5 U.S.C. § 8901, *et seq.*, governs health benefit claims made by and for federal employees. The United States Supreme Court has determined that "FEHBA's . . . jurisdictional provision vests federal district courts with 'original

3

jurisdiction . . . of a civil action or claim against the United States.'" Empire Healthchoice Assur., Inc. v. McVeigh, 547 U.S. 677, 677 (2006) (quoting 5 U.S.C. § 8912).

Under the FEHBA regulations, the scope of judicial review of an action brought against OPM "will be limited to the record that was before OPM when it rendered its decision . . . ." 5 C.F.R. § 890.107(d)(1). Because OPM's decision is a final agency decision, judicial review of the record before OPM is further governed by the Administrative Procedure Act (APA), 5 U.S.C. § 706. Pursuant to the APA, an agency decision is reviewed under an arbitrary and capricious standard. 5 U.S.C. § 706(2)(A).

When reviewing agency decision-making, the Supreme Court has stated that remand to the agency for additional investigation or explanation is proper if: 1) the record before the agency does not support the agency action; 2) the agency has not considered all relevant factors; or 3) the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it. Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985). See e.g., Blume v. United States Office of Personnel Management, No. 07-2231, 2008 WL 2101830, at *2-3 (M.D. Pa. May 16, 2008) (granting remand where the agency had not reviewed information from the plaintiff's treating physician before making its decision).

Here, OPM alleges that the record is incomplete because it does not contain a written internal policy used by the primary insurance provider. (Doc. No. 22 at 1-2.) OPM argues that it needs further clarification from the primary insurance provider regarding higher payments made to other enrollees whose claims were similar to those of Plaintiff. (Id. at 2.)

Remand is necessary here because the agency has not considered all relevant factors, including the written internal policy and the reason why higher payments may have been made to

4

other enrollees with similar claims. First, this information is relevant because it may show that Plaintiff is entitled to more than the 65% coverage he has been awarded. Second, the policy and documents showing higher payments made to other enrollees are absent from the agency record. Accordingly, the agency did not consider these documents and the reasons why higher payments may have been made to other enrollees with similar claims when rendering its decision.

Because this information is relevant to the outcome of the appeal of Plaintiff and OPM has not considered all relevant factors in making its decision, remand is proper in the instant action.[2]

B. *De Novo* Review of Objections to Report and Recommendation by District Court

Although remand is proper here, the Court still has an obligation to review the objections to the Report and Recommendation of Judge Carlson. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Middle District of Pennsylvania Local Rules, a magistrate judge has authority to file proposed findings and recommendations. In response, a party may file written objections. 28 U.S.C. § 636(b)(1)(C) (2009). Middle District Local Rule 72.3 governs objections to a magistrate judge's report and recommendation. Under the Rule, a petitioner is required to "specifically identify the

---

[2] The Court notes that Plaintiff is dissatisfied with the remand process because he believes "there never seems to be a judicial review." (Doc. No. 27 at 6.) In Citizens Against the Pellissippi Parkway Extension, Inc. v. Mineta, 375 F.3d 412 (2004), the Sixth Circuit addressed a similar concern. There, the court found remand was proper even though there was no new evidence because "considerations of judicial efficiency apply." Citizens Against the Pellissippi Parkway Extension, Inc., 375 F.3d at 417. The Circuit further clarified that remand to an agency would be denied if the agency decision was made in bad faith or if granting remand would be arbitrary, capricious, or an abuse of discretion. Id. (citations omitted).

The instant facts do not demonstrate that the agency decision was made in bad faith, nor is a grant of remand arbitrary, capricious, or an abuse of discretion. Instead, given the expertise of OPM and the fact that OPM rendered a decision based on an incomplete record, remand is appropriate in the instant case.

portions of the [report and recommendation] to which objection is made and the basis for such objections." M.D. Pa. R. 72.3. The district court judge will then "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). The Third Circuit has "assumed that the normal practice of the district judge is to give some reasoned consideration to the magistrate's report before adopting it as the decision of the court." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

Here, Plaintiff asserts two objections: 1) the time frame of events relied upon by the Magistrate Judge as occurring from 2007 to 2008 and, 2) the characterization of OPM's decision as an "initial denial." (Doc. No. 27 at 2.) Only these objections meet the standards of Local Rule 72.3 and 28 U.S.C. § 636.[3]

    i.    First Objection: The Time Frame of Events

In his Report and Recommendation (Doc. No. 26), Judge Carlson found that "[P]laintiff's civil complaint in this action details a course of events spanning from 2007 through 2008, during

---

[3] In ruling on objections to a report and recommendation, a court reviews *de novo* only the findings of the Report and Recommendation to which Petitioner specifically objects. A court will not consider arguments repeated from previous filings. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Reid v. Lawler, No. 08-5674, 2010 WL 1186320, at *3 (E.D. Pa. Mar. 25, 2010) (stating "this Court reviews *de novo* only the findings of the [Report and Recommendation] that Petitioner specifically objects to" and declines to review arguments that "are essentially a repetition of the arguments set forth in Petitioner's habeas petition[.]").

Here, Plaintiff renews his claim that 100% of his costs should have been covered by his policy, and continues to object to OPM's claim of an incomplete record and expresses frustration at the judicial process. Because the last two objections are repetitions of arguments made in Plaintiff's Complaint and not specific objections to the Report and Recommendation of Judge Carlson (Doc. No. 26), the Court will not consider them.

which time Mr. Pellicano endeavored to secure approval from his health benefit plan to cover expenses associated with the acquisition of durable medical equipment." (Doc. No. 26 at 1.) Plaintiff objects to this time frame, arguing that the decision of OPM is dated April 23, 2010 and the reconsideration by his primary service provider is dated September 23, 2009. (Doc. No. 27 at 2.)

Plaintiff's objection is not substantive and is of no consequence to this Court's analysis and conclusion. See e.g., Ryan v. United States, No. 10-1425, 2010 WL 3516840, at *2 (M.D. Pa. Aug. 10, 2010) ("[Petitioner's] corrections [to the date of his plea agreement and other numerical facts] are not substantive, and thus, these small factual errors are of no moment to our analysis and conclusion. However, to the extent that [the petitioner] is correct in his stated objections, these objections will be sustained.") To the extent Plaintiff's objection is correct that the events giving rise to the instant action go beyond 2007-2008 and into 2010, it will be considered for purposes of resolution of this matter and the objection will be sustained.

    ii. <u>Second Objection: Characterization of OPM's Decision</u>

Plaintiff also objects to Judge Carlson's characterization of OPM's decision as an "initial" denial. (Doc. No. 27 at 2.) The Report and Recommendation found that the Complaint "alleg[es] that the initial denial of these benefits under FEHBA by OPM was 'arbitrary and capricious.'" (Doc. No. 26 at 1.) Plaintiff asserts that OPM's decision was not an "initial" denial, but a "final" decision because OPM called it a "final decision" in the decision letter sent to Plaintiff. (Doc. No. 27 at 2.)

Pursuant to the FEHBA regulations, all responses by OPM to a request to review a decision by a primary service provider constitute "final decisions." 5 C.F.R. §§ 890.104(d)-(e).

To the extent Plaintiff's objection to the term "initial" is correct, the Court will sustain the objection.

However, using the term "initial" does not change the Court's reasoning on the outcome of the case. See e.g., Ryan, 2010 WL 3516840, at *2. Despite being coined a "final decision," OPM retains the right to reopen its review, on its own motion, if it receives evidence unavailable at the time of its decision. 5 C.F.R. § 890.105(e)(5). Here, OPM concedes that certain policy information was not in the record of its initial decision and for this reason the case should be reopened for review. (Doc. No. 22 at 1-2.) Accordingly, there is a need for remand here, and further agency proceedings in the instant case is appropriate.

## VI. CONCLUSION

For the foregoing reasons, the Court will adopt and approve with modification Magistrate Judge Carlson's Report and Recommendation (Doc. No. 26) and grant OPM's Motion to Remand (Doc. No. 21). Plaintiff's case is therefore remanded to OPM for further administrative proceedings. Judicial proceedings in this case are stayed pending the outcome of the administrative process. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL V. PELLICANO,

    Plaintiff,

v.

THE OFFICE OF PERSONNEL
MANAGEMENT, INSURANCE
OPERATIONS,

    Defendant.

CIVIL ACTION

No. 11-405

## ORDER

AND NOW, this 12th day of April 2012, upon consideration of the Complaint (Doc. No. 1), Defendant's Motion to Remand and Supporting Brief (Doc. Nos. 21-22), Plaintiff's Brief in Opposition to Defendant's Motion to Remand (Doc. No. 24), Defendant's Reply Brief (Doc. No. 25), the Report and Recommendation of United States Magistrate Judge Martin C. Carlson (Doc. No. 26), Plaintiff's Objection to the Report and Recommendation (Doc. No. 27), Defendant's Responsive Brief to Plaintiff's Objections to the Report and Recommendation, (Doc. No. 28), and Plaintiff's Reply to Defendant's Responsive Brief (Doc. No. 32), it is ORDERED that:

1.     The Report and Recommendation of Magistrate Judge Carlson is APPROVED. The Court agrees with the Report and Recommendation that Plaintiff's case should be remanded to the Office of Personnel Management for further administrative proceedings.

2.     Plaintiff's Objections to the Report and Recommendation (Doc. No. 27) are

GRANTED IN PART. The Court sustains Plaintiff's Objections to the time-frame of events giving rise to his claims and the characterization of Defendant Office of Personnel Management's final decision, but these Objections do not affect the outcome of the Motion (Doc. Nos. 21-22).

3. The above-captioned case shall be REMANDED to the Office of Personnel Management for further administrative proceedings.

4. The Clerk of Court shall place the above-captioned case in SUSPENSE pending the outcome of the administrative process.

5. Counsel for Defendant shall apprise the Court by letter every three months of the status of the administrative process.

BY THE COURT:

*Joel Slomsky*
JOEL H. SLOMSKY, J.