IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL PELLICANO,** | : | Civil No. 3:11-CV-405 |
| | : | |
| **Plaintiff** | : | |
| | : | **(Judge Slomsky)** |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **OFFICE OF PERSONNEL MANAGEMENT,** | : | |
| | : | |
| **Defendants** | : | |

## MEMORANDUM ORDER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This is a *pro se* civil action brought by Michael Pellicano, an enrollee in a health benefits plan for federal employees, under the Federal Employees Health Benefits Act, (FEHBA), 5 U.S.C. §8901, *et seq*. The Plaintiff's civil complaint in this action details a course of events spanning from 2007 through 2008, during which time Mr. Pellicano endeavored to secure approval from his health benefit plan to cover expenses associated with the acquisition of durable medical equipment. (Doc. 1.)  After detailing these experiences, Mr. Pellicano's complaint names the Office of Personnel Management, an agency of the United States government, as a Defendant and seeks reimbursement of $7,243.95 in benefits, alleging that the initial denial of these benefits under FEHBA by OPM was "arbitrary and capricious" (Doc. 1.).

On our recommendation, the District Court had previously remanded this matter for reconsideration by OPM and development of a full factual record. The Court took this action because judicial review of OPM's health benefit denial decisions under the Federal Employee Health Benefit Act, (FEHBA) 5 U.S.C. §8901 is governed by the Administrative Procedure Act (APA). 5 U.S.C. § 706(2)(A). Under the APA, this judicial review is limited to determining whether the agency's actions were arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law.  See e.g., Caudill v. Blue Cross and Blue Shield of North Carolina, 999 F.2d 74, 80 (4th Cir. 1993); Harris v. Mutual of Omaha Cos., 992 F.2d 706, 712 (7th Cir. 1993);  Bolden v. Blue Cross & Blue Shield Ass'n, 848 F.2d 201, 203 (D.C. Cir. 1988); Tackitt v. Prudential Ins. Co. of Am., 758 F.2d 1572, 1575 (11th Cir. 1985).  While this is a deferential standard of review, the Court as part of this review may remand a case to the agency for further consideration where, as here, the agency admits that its current decision-making record is insufficient to permit an informed decision regarding whether the agency's actions were arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law. Indeed, under the Administrative Procedure Act, "it is clear that the district court also has power to remand to the agency for further proceedings. . . [S]uch power is implicit in [the APA's] authorization to 'set aside agency action, findings, and conclusions,'

particularly in light of Section 10(b) [of the APA] which provides that 'The form of proceeding for judicial review is * * * any applicable form of legal action.'" Secretary of Labor of U.S. v. Farino, 490 F.2d 885, 891 ( 7th Cir. 1973). Thus, it is beyond dispute that "a reviewing court has inherent power to remand a matter to the administrative agency." Loma Linda University v. Schweiker 705 F.2d 1123, 1127 (9th Cir.1983)(citations omitted).

The parties have now notified us that the administrative review of Plaintiff's claims that the Office of Personnel Management Insurance Operations ("OPM") acted arbitrarily and capriciously in upholding an insurance carrier's decision to partially deny Plaintiff's claim for payment for a piece of durable medical equipment has been completed and OPM has reaffirmed this denial decision. Accordingly, the District Court entered an order lifting the stay that was put in place on April 12, 2012, and reopened this action following the conclusion of administrative proceedings. (Doc. 49.) The District Court also referred the above-captioned action to the undersigned for purposes of pre-trial management. (Doc. 50.)

Given these developments, we set a briefing schedule in this which provided that or before **Monday, October 1, 2012**, Defendant shall serve upon Plaintiff the full administrative record. Defendant shall simultaneously deliver a courtesy copy of the full administrative record to the undersigned's chambers. The administrative record

3

shall include a table of contents identifying each document by its description, date, source or author, and inclusive bates-stamped page numbers. We then ordered the parties to file cross-motions for judgment on the administrative record on or before **Monday, October 29, 2012**, and file responses to such motions on or before **Monday, November 26, 2012**. Having directed the production of the entire administrative record in this case to the Plaintiff, we denied Plaintiff's motion for discovery outside of the administrative record (Doc. 46.) noting that Plaintiff will be furnished with a copy of the full administrative record that OPM relied upon in partially denying Plaintiff's claim for payment, and the Court's review of Plaintiff's claims will be confined to the information contained in the administrative record itself.

This ruling was in accordance with settled case law, which provides that in an action challenging administrative action under the Administrative Procedures Act, 5 U.S.C. §§ 701 et seq., "the administrative record ordinarily cannot be supplemented." NVE, Inc. v. Department of Health and Human Services, 436 F.3d 182, 189 (3d Cir. 2006) (citing Camp v. Pitts, 411 U.S. 138, 142 (1973) ("In applying [the arbitrary and capricious] standard [of review], the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court.").

Pellicano has now filed a motion to reconsider this ruling, which also seeks a jury trial on the claims made by the Plaintiff. (Doc. 52.) We will deny this motion for the reasons set forth below.

The legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence." Max's Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Id. (citation omitted).
>
> Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251 (3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not translate into the type of clear error of law which justifies reconsideration of a ruling. Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937, 943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not a tool to re-litigate and reargue issues which have already been considered and disposed of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only where the court has misunderstood a party or where there has been a significant change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Here, the Plaintiff has not provided grounds for reconsideration of our prior ruling. Thus, he has not demonstrated: "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a clear error of law or prevent manifest injustice." Dodge v. Susquehanna Univ., 796 F.Supp. 829, 830 (M.D. Pa. 1992 ). Moreover, since Pellicano has not yet seen the full administrative record, which has not yet been filed in this action, his request to supplement that record in this APA lawsuit is premature, and will be denied.

Finally, as to Pellicano's request for a jury trial, it is well settled that a jury trial is not available in this setting.  As one court has aptly observed:.  "Nor does the APA . . . provide a right to a trial by jury."  *W. Radio Services Co. v. U.S. Forest Serv.*, 578 F.3d 1116, 1123 (9th Cir. 2009).  Therefore, the Plaintiff's request for a jury trial in this matter will also  be DENIED.

So ordered this 18th day of September 2012.

*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge